UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUVENAL ANGEL REYES,<br>　　　　Petitioner,<br>　　v.<br>JOE LIZZARAGA,<br>　　　　Respondent. | Case No. 18-cv-04388-EMC<br><br>**ORDER APPOINTING COUNSEL** |

Juvenal Angel Reyes filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction in Santa Clara County Superior Court for burglary, kidnapping to extort and to rob, torture, assault with a deadly weapon, criminal threats, robbery of an inhabited place committed in concert, and grand theft person – for which he received a sentence of life without parole plus four years in prison. The convictions are based on a burglary that he helped plan but at which he was not present. He essentially concedes liability for the burglary and challenges the convictions on the six nontarget offenses (including kidnapping and torture). The prosecution argued that Petitioner was liable for those nontarget offenses based on a conspiracy theory or based on a theory that the nontarget offenses were the natural and probable consequences of the commission of the burglary he aided and abetted.

A magistrate judge reviewed the petition for writ of habeas corpus and ordered Respondent to show cause why the petition should not be granted. Docket No. 7. Respondent then filed an answer. Docket No. 12. Petitioner did not file a traverse, and the deadline by which to do so has passed. The Court began analyzing the merits of the petition and then realized that there are problems that call for appointment of counsel.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require . . . ."

The interests of justice require appointment of counsel in this action due to the combination of three circumstances, even though Petitioner has not requested such appointment. First, the petition is muddled and does not identify a federal constitutional basis for any of the rather unclear claims asserted therein. Federal habeas review is only available for violations of the constitution or laws or treaties of the United States. Respondent has bravely guessed as to what Petitioner's federal constitutional claims might be, based on the arguments made on direct appeal in state court. But Respondent may not have guessed correctly because, generally speaking, the federal petition lists five claims for relief whereas only two claims were presented to the California Supreme Court. The Petitioner will be required to file an amended petition to allege the federal constitutional basis, if any, for each claim he wants this Court to consider. Second, Petitioner speaks Spanish and little (if any) English, as reflected by the testimony of sergeant Leon that he conducted the five-hour interview of Petitioner in Spanish, RT 688, 706, and Petitioner's use of a translator throughout the trial. This makes it less likely that he will be able to solve the pleading problem mentioned in the first point. Third, and most importantly, the briefing in the California courts indicates a substantial question about the adequacy of the natural-and-probable-consequences jury instruction given at Petitioner's trial.[1]

---

[1] In light of the fact that further briefing likely will be done by both parties, the Court makes a couple of observations. Contrary to Respondent's suggestion in his Memorandum of Points and Authorities, it does not appear that the California Court of Appeal reached the merits of the federal constitutional claim regarding the natural-and-probable-consequences jury instruction. After analyzing the state law claim, the California Court of Appeal wrote that it "need not address Reyes's claims of constitutional and structural error, or error under *Watson*, because the instructions given adequately conveyed the burden and elements required for the jury to assign aider and abettor liability under the natural and probable consequences doctrine." *People v. Reyes*, No. H041671, 2017 WL 2791672, *13 (Cal. Ct. App. June 28, 2017). If the federal constitutional claim was not reached by the state court, the limits of 28 U.S.C. § 2254(d)(1) would not apply. The other observation is that the parties should consider whether the analysis of the claim regarding the natural-and-probable-consequences jury instruction is different for some of the nontarget crimes, e.g., whether one could say that a robbery during a burglary was reasonably foreseeable while torture during a burglary was not.

Having determined that the interests of justice require the appointment of counsel for Petitioner, this matter is **REFERRED** to the Federal Public Defender to find representation for Petitioner.

The Clerk shall provide a copy of this order to the Office of the Federal Public Defender. Upon being notified by the Office of the Federal Public Defender that an attorney has been located to represent Petitioner, the Court will appoint that attorney as counsel for Petitioner. All further proceedings in this action are hereby **STAYED** until 30 days from the date counsel is appointed.

It is anticipated that, once an attorney is located to represent Petitioner, that attorney will file an amended petition for writ of habeas corpus. When that attorney first appears in this action, he or she should request a briefing schedule to file an amended petition. That amended petition then can include all of Petitioner's claims that Petitioner wants the federal habeas court to consider.

**IT IS SO ORDERED**.

Dated: September 9, 2019

_____
EDWARD M. CHEN
United States District Judge