UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUVENAL ANGEL REYES,<br><br>    Petitioner,<br><br>    v.<br><br>JOE LIZZARAGA,<br><br>    Respondent. | Case No. 18-cv-04388-EMC<br><br>**ORDER GRANTING PETITIONER'S REQUEST TO STAY PROCEEDINGS, AND DENYING RESPONDENT'S MOTION TO DISMISS**<br><br>Docket No. 40 |

## I.     INTRODUCTION

Petitioner Juvenal Angel Reyes is currently serving a sentence for life without parole and a consecutive term of four years for convictions on eight counts in Santa Clara County Superior Court. He filed a federal habeas corpus petition with this Court, as well as an amended petition. Docket Nos. 1, 35. Mr. Reyes acknowledges that several of the claims in his amended petition have not been exhausted in state court, and, therefore, the amended petition is a "mixed petition." Docket No. 35 ("Am. Pet.") ¶ 8. He requests the Court to employ the stay-and-abeyance procedure, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to permit him to exhaust his unexhausted claims. *Id.* Now pending is Respondent's motion to dismiss several of the claims in Reyes's amended petition for writ of habeas corpus for failure to exhaust state remedies and as untimely. Docket No. 40 ("MTD"). However, Respondent agrees that Plaintiff is entitled to have his petition stayed and held in abeyance to permit Petitioner to exhaust at least one claim in state court. *See* Docket No. 46 ("Reply") at 20-21.

For the following reasons, the Court **DENIES** Respondent's motion to dismiss and **GRANTS** Petitioner's request to stay proceedings and to hold this case in abeyance while he

exhausts his unexhausted claims in state court.

## II. BACKGROUND

On February 6, 2011, Petitioner, Juvenal Angel Reyes, was charged with the following crimes: 1) kidnapping for extortion; 2) kidnapping for robbery; 3) torture; 4) assault with a deadly weapon; 5) criminal threats; 6) first degree robbery of an inhabited place committed in concert; 7) first degree burglary; 8) grand theft person; 9) theft or unauthorized use of a vehicle; and 10) arson of property of another. Docket No. 12-5 at 72-81 ("Exhibit 1 CT Vol. 3, Answer to Order to Show Cause"). A jury in the Santa Clara County Superior Court convicted Mr. Reyes on counts one through eight, and acquitted him on counts nine and ten. Docket No. 12-3 at 141-150 ("Exhibit 1 CT Vol 1., Answer to Order to Show Cause"). Mr. Reyes was sentenced to life without parole on count one and a consecutive term of four years on count seven. *Id*. at 158-164. Sentences for the remaining counts were stayed. *Id*.

On June 28, 2017, the California Court of Appeal affirmed the convictions. Docket No. 12-16 at 156-193 ("Exhibit 3-8, Answer to Order to Show Cause"). On July 24, 2017, Mr. Reyes' appellate counsel filed a petition for review with the California Supreme Court. The petition raised two claims:

> 1) Whether the pattern instruction on natural and probable consequences accurately and adequately instructs on the concept of supervening causation when that concept is necessary to the jury's understanding of the applicable principles of law and defense theory of the case.
>
> 2) Whether the pattern instruction on coconspirator liability accurately and adequately instructs on the concept of actions that were the fresh and independent product of the minds of those committing unintended, nontarget felonies, outside of or foreign to, the common design, causation when that concept is necessary to the jury's understanding of the applicable principles of law and defense theory of the case.

*Id.* at 195-266. On September 13, 2017, the California Supreme Court denied the petition. *Id*. at 269. These are the only claims that Mr. Reyes has raised to the California Supreme Court. Docket No. 35 ("Am. Pet.") ¶ 15; 43 at 4 ("Opp. to MTD").

Petitioner Angel Reyes filed a timely pro se habeas corpus petition and a motion to proceed *in forma pauperis* in this Court on July 19, 2018. *See* Docket Nos. 1, 2. Mr. Reyes raised

five claims in this original petition. Docket No. 1. As to claim three, he alleged that the jury instructions were erroneous for failing to include an instruction on the specific intent required for the six nontarget felonies. *Id*. at 6. As to claim five, he alleged that the instruction on coconspirator liability was erroneous because 1) it was not supported by substantial evidence, and 2) it failed to inform the jury that in order to find Mr. Reyes guilty, the six nontarget felonies must not be the product of a fresh and independent idea outside of the common plan of the conspiracy. *Id*. at 9. Respondent and Petitioner's counsel agree that the other claims in the pro se complaint were less clearly stated. Docket No. 12 ("Answer to Orig. Pet.") at 5; Opp. to MTD at 4. A summary list of claims follows:

<u>Claims Raised in Original Petition:</u>

Claim 1:   Relevant procedural background: the challenged instructions;

Claim 2:   Reviewability of the instructions and standards of review;

Claim 3:   Instruction on the six nontarget felonies did not require additional instruction on specific intent;

Claim 4:   Instruction on natural and probable consequences doctrine did not usurp the jury's factfinding role regarding the foreseeability of the unintended acts;

Claim 5:   Instruction on coconspirator liability was supported by substantial evidence and did not require additional explanation of limiting principle based on a fresh and independent idea outside of foreign to (sic) the conspiracy design.

*See generally* Docket No. 1.

On December 28, 2018, Respondent filed an answer to the order to show cause. Docket No. 12. Respondent noted at the outset that it was difficult to discern what federal claims petitioner was asserting, but liberally construed the claims set forth in the pro se petition. Docket No. 12-1 at 10. Adopting that liberal approach, respondent construed the petition as attacking the decision of the California Court of Appeal rejecting three jury instruction claims as an erroneous and unreasonable application of clearly established Supreme Court precedent. *Id*. Respondent then argued that the ruling of the appellate court on each of the issues presented to it was based primarily on California law, the rulings were not erroneous, and the rulings were not an

unreasonable application of clearly established Supreme Court precedent. *Id.* at 11-23.

Thereafter, on June 7, 2019, Mr. Reyes filed a pro se petition for writ of habeas corpus with the Santa Clara County Superior Court, raising three claims: 1) that the jury instructions were erroneous because they failed to include the specific intent required for the six nontarget felonies; 2) that no substantial evidence supported the jury instructions; and 3) that his LWOP sentence was disproportional and unconstitutional under the Eighth Amendment. *See* Docket 35-1. On May 5, 2020, the Santa Clara County Superior Court denied Mr. Reyes' claims. Docket No. 35-2. Mr. Reyes did not appeal the Superior Court's order of denial. Am. Pet. ¶ 28.

On September 9, 2019, this Court determined that the interests of justice required appointment of counsel for Petitioner to assist in his federal habeas proceedings and so ordered. *See* Docket No. 13. On December 5, 2019, Mr. Reyes, now represented by counsel, was granted leave to file an amended habeas corpus petition in this Court. Docket Nos. 17, 18. On August 25, 2021, Petitioner filed an amended petition raising 12 claims. *See generally* Am. Pet. Petitioner concedes that only Claim 3 was raised and denied by the California Supreme Court. *Id.* ¶ 8. Claims 1, 2, and 4 correspond to claims that were presented to the California Court of Appeal, but were not raised in the petition for review to the California Supreme Court. *Id.*; Exhibit 1 CT Vol. 3, Answer to Order to Show Cause, at 127-154; Exhibit 3-8, Answer to Order to Show Cause, at 195-266. Claim 5 corresponds to a claim that was raised with the Santa Clara County Superior Court in 2019 and denied in 2020, but has yet to be appealed. Opp. to MTD at 47-52. And lastly, claims 6-12 are new claims that have not been raised in any state court proceeding. Am. Pet. ¶ 8. A summary list of claims follows:

Claims Raised in Amended Petition:

Claim 1:   The trial court failed to properly instruct the jury regarding the requisite intent to convict Mr. Reyes of aggravated kidnapping for extortion;

Claim 2:   The trial court failed to properly instruct the jury regarding the requisite intent to convict Mr. Reyes of robbery in concert;

Claim 3:   The state court decision finding the coconspirator liability instruction sufficient was contrary to, and involved an unreasonable application of established federal law;

Claim 4:   The evidence was insufficient to support a jury instruction on coconspirator liability, and no rational jury could have convicted Mr. Reyes of the six violent felonies under that theory;

Claim 5:   Mr. Reyes' sentence of life without the possibility of parole constitutes cruel and unusual punishment in violation of the eighth amendment;

Claim 6:   Due process requires reversal of Mr. Reyes' conviction for the six violent Felonies;

Claim 7:   Trial counsel was ineffective in failing to object to calcrim 402 and 417, and in failing to request a jury instruction regarding the intent elements of sections 209(a) and 213(a)(1)(A);

Claim 8:   Trial counsel was ineffective in failing to request a pinpoint instruction of the *Kauffman* limitation (*People v. Kauffman,* 152 Cal. 331, 334 (1907));

Claim 9:   Because the evidence was insufficient to support Mr. Reyes's conviction for kidnapping for extortion, his conviction under count one and sentence to LWOP constitute a violation of due process;

Claim 10:   Because the evidence was insufficient to support Mr. Reyes's conviction for torture, his conviction under count three constitutes a violation of Due Process;

Claim 11:   Because the evidence was insufficient to support the asportation requirement of kidnapping to commit robbery, Mr. Reyes' conviction under Count Two constitutes a violation of Due Process;

Claim 12:   Cumulative errors.

*See generally* Am. Pet.

Initially, Respondent filed a motion to dismiss 11 of the 12 claims in the amended petition (all claims other than Claim 3, which Respondent agrees is exhausted and timely) that Respondent contends are unexhausted and untimely. *See* MTD. However, in Respondent's reply brief, he "does not contest the applicability of equitable tolling to Claim 5" – Petitioner's argument that his life without parole sentence is cruel and unusual because it is disproportionate to his culpability in light of statutory changes in California law—and Respondent concedes that these proceedings should be stayed to permit Petitioner to exhaust Claim 5. Docket No. 46 ("Reply") at 19-20.

### III. LEGAL STANDARD

A federal court may not grant habeas relief until a petitioner has exhausted available state remedies with respect to each claim. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 272 (1971). A federal constitutional claim is exhausted when it has been "fairly presented" to the highest state court and that court has had a meaningful opportunity to apply controlling legal principles to the facts underlying the claim. *Picard*, 404 U.S. at 276-77.

The Supreme Court follows a rule of "total exhaustion," requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). A district court is permitted, however, to stay a mixed petition containing both exhausted and unexhausted claims so that the petitioner may exhaust his claims in state court without running afoul of the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines*, 544 U.S. at 273-75. A district court must stay a mixed petition if: (1) the petitioner has good cause for his failure to exhaust his claims, (2) the unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics. *Id.* at 278.

Moreover, "*Rhines* does not state, or suggest, that every unexhausted claim in the petition must satisfy, individually, the 'good cause' and 'potentially meritorious' requirements before a stay is permitted." *Weber v. Baker*, No. 3:11-CV-0104-PMP-WGC, 2012 WL 4911778, at *2 (D. Nev. Oct. 15, 2012). "The efficient approach is for the court to address the petitioner's motion for stay before reaching respondents' exhaustion arguments as to each individual claim." *Id.* "If a stay is warranted with respect to any single claim, the court need not conduct a claim-by-claim exhaustion analysis regarding the remaining claims."

### IV. DISCUSSION

There is no dispute that Petitioner's amended petition is a "mixed petition." *See* Am. Pet. ¶ 8. Petitioner has exhausted only Claim 3; Claims 1, 2 and 4-12 have not been exhausted. *Id.* The parties are at odds over several issues, including (1) whether Respondent, in answering Plaintiff's initial pro se habeas petition, has waived Petitioner's obligation to exhaust Claims 1, 2 and 4 in the amended petition; (2) whether Petitioner has satisfied *Rhines* requirements to warrant staying and

1  holding this case in abeyance to permit Plaintiff to exhaust his claims in state court; and (3)
2  whether Claims 6-12 of the amended petition should be dismissed as untimely because they were
3  filed after the one-year statute of limitation under 28 U.S.C. § 2244(d)(1) and do not qualify for
4  equitable or statutory tolling.

5  However, the Court need not resolve these disputes at this juncture in light of
6  Respondent's concession that Petitioner is entitled to equitable tolling on Claim 5 and
7  Respondent's request that further proceedings in this action "be stayed to permit petitioner to
8  exhaust Claim 5." Reply at 20. Indeed, the parties agree that these proceedings should be stayed
9  and held in abeyance while Petitioner exhausts Claim 5 in state court. Therefore, Respondent's
10 express non-opposition to permitting Petitioner to exhaust Claim 5 and Respondent's express
11 request that the Court stay these proceedings to permit Petitioner to do so, *id.* at 19-20, warrants,
12 in practical terms, application of *Rhines*'s stay-and-abeyance procedure.

13 As this Court has previously recognized, "[i]f a stay is warranted with respect to any single
14 claim, the court need not conduct a claim-by-claim exhaustion analysis regarding the remaining
15 claims." *See Melendez v. Arnold*, No. 15-CV-03753-EMC, 2016 WL 913388, at *8 (N.D. Cal.
16 Mar. 10, 2016) (citation omitted); *see also Byford v. Baker*, No. 3:11-CV-00112-JCM, 2013 WL
17 431340, at *2 (D. Nev. Feb. 1, 2013) ("*Rhines* does not state, or suggest, that every unexhausted
18 claim in the petition must satisfy, individually, the 'good cause' and 'potentially meritorious'
19 requirements before a stay is permitted. Indeed, the rationale for permitting a stay would apply
20 with more force to a petition in which only one of the unexhausted claims meets the *Rhines*
21 requirements, but is likely meritorious, than it would to a petition in which all the unexhausted
22 claims meet the *Rhines* requirements, but none are more than potentially meritorious.").
23 Therefore, because Respondent agrees that these proceedings should be stayed and Petitioner be
24 allowed to pursue exhaustion as to Claim 5 in state court, rather than assess the *Rhines* factors as
25 to each of the eleven unexhausted claims, the Court permits petitioner to exhaust all eleven of his
26 unexhausted claims (Claims 1, 2, 4, 5-12). *Weber*, 2012 WL 4911778, at *2 ("The efficient
27 approach is for the court to address the petitioner's motion for stay before reaching respondents'
28 exhaustion arguments as to each individual claim."). In so doing, the parties' dispute as to

whether the exhaustion requirement has been waived as to Claims 1, 2 and 4 is immaterial, for now, as Petitioner will have the opportunity to pursue exhaustion of those claims.

The Court declines to address Respondent's timeliness arguments as to claims 6-12 at this juncture, as it is unnecessary to do so before the state court has an opportunity to address those claims. *See Melendez*, No. 15-CV-03753-EMC, 2016 WL 913388 at *8-9 (denying respondent's motion to dismiss on the basis of timeliness and, instead, granting petitioner's request for *Rhines* stay). The Court takes no position on the timeliness or merits of Petitioner's unexhausted claims. Respondent is free to raise arguments on both grounds before the state court and, again, before this Court if and when Petitioner exhausts his claims and these proceedings re-commence.

Finally, Petitioner's counsel notes that Mr. Reyes continues to be without counsel in the state courts, and, although Petitioner's counsel was appointed by this Court to represent Mr. Reyes in connecting with these federal proceedings pursuant to 18 U.S.C. § 3006A(a)(2)(B) "interests of justice," *see* Docket No. 13, counsel has not been authorized to represent Mr. Reyes in state court. Opp. at 59. Petitioner's counsel requests that the Court appoint him to represent Mr. Reyes in exhausting his unexhausted claims in *state* court, because those state court proceedings are inextricably intertwined with this *federal* proceeding. *Id.* Respondent does not respond or otherwise take a position on this request.

Petitioner cites no authority for the Court to appoint counsel for Petitioner's *state* court proceedings. While it may be argued that such a request could be construed as made pursuant to 18 U.S.C. § 3006A(c) ("A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, *including ancillary matters appropriate to the proceedings*") (emphasis added)), the Ninth Circuit as never so held. The Eleventh Circuit has cast doubt that § 3006A(c) encompasses state collateral-review proceedings. *In re Lindsey*, 875 F.2d 1502, 1508 (11th Cir. 1989) ("Because those proceedings will be convened under the authority of the State of Alabama, we conclude that they are not 'ancillary matters' to which section 3006A extends the right to a federally-appointed lawyer and/or psychiatrist."). The Court declines to appoint counsel to represent Petitioner in his state court proceedings.

## V. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the first amended petition for writ of habeas corpus, is **DENIED**, and Petitioner's request for stay and abeyance is **GRANTED** and this matter is **STAYED**.

Ninety days after the entry of this order, and every 180 days thereafter until proceedings in his state exhaustion case are completed, Petitioner shall serve and file in this Court a brief report updating the Court and the parties on the status of his state habeas action(s). No later than 30 days after proceedings in his state case are completed, Petitioner shall serve and file notice that proceedings are completed.

This order disposes of Docket No. 40.

**IT IS SO ORDERED**.

Dated: August 3, 2022

_____
EDWARD M. CHEN
United States District Judge